UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MASON LYLES,

                      Plaintiff,

v.                                             Civil Action No. _____

SEQUIUM ASSET SOLUTIONS, LLC,

                      Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

2. Plaintiff Mason Lyles is a natural person residing in the County of Ontario and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

3. Sequium Asset Solutions, LLC, is a foreign limited liability company organized and existing under the laws of the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

4. Defendant regularly attempts to collect debts alleged to be due another.

5. The acts Defendant alleged hereinafter were performed by its respective employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

6. That upon information and belief, Plaintiff does not owe any debt to Defendant or the entity that Defendant is attempting to collect on behalf of.

7. That upon information and belief, Defendant is attempting to collect an alleged debt from the Plaintiff. This will be referred to as the "subject debt."

8. That in February 2020, Defendant began calling Plaintiff on his cellular telephone in an attempt to collect on the subject debt.

9. That the Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

10. That all the automated messages/ prerecorded voice messages left from the Defendant state "You have a debt or a lien that needs to be paid."

11. That Plaintiff never received a validation notice from the Defendant.

12. That Plaintiff never provided his prior express consent to the Defendant to receive telephone calls from them to his cellular telephone.

13. That in or about March 2020, Plaintiff spoke with Defendant multiple times telling them that he doesn't owe the alleged subject debt and to stop calling him on his cellular telephone.

14. That the Defendant continued to call the Plaintiff despite being informed that he did not owe the alleged subject debt.

15. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

16. That Plaintiff was annoyed and upset over receiving the above calls from the Defendant.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by calling excessively after Plaintiff told Defendant to stop calling him as he did not owe the subject debt.

    B. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning when leaving a voice mail message for the Plaintiff.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2),15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C., 15 U.S.C. §1692f(1), by attempting to collect a debt that Plaintiff did not owe.

20. That as a result of the Defendant FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

32. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

33. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

39. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

40. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  July 3, 2020

    /s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com